UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CECILIA A. NEVAREZ | CIVIL ACTION |
| v. | NO. 11-2824 |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY | SECTION "F" |

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the defendant's motion to dismiss, noticed for submission on December 5, 2012, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] In her complaint, the plaintiff seeks to recover under the Federal Tort Claims Act after she was injured in a car accident; Nevarez claims that, in September 2008, her car was struck by a vehicle owned by the Department of the Army and operated by Army employee Chad Pierre. The United States of America seeks dismissal for lack of subject matter jurisdiction on the ground that the United States is immune from suit pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LHSEADA), La.R.S. 29:721. In particular, the defendant provides support for the following: on August 29, 2008 Governor Bobby Jindal requested and received approval for up to 5,000 National Guardsman to be placed in 32 U.S.C. § 502(f) status to respond to Hurricane Gustav; Pierre, in the course and scope of his employment with the Louisiana National Guard (the FTCA classifies Title 32 National Guardsmen as federal employees for the purposes of the FTCA, see 28 U.S.C. § 2671), conducted a mission for his unit at the time of the accident; the LHSEADA at La.R.S. 29:735A(1) provides immunity for damages caused by a person engaged in disaster response and relief efforts. Indeed, courts have applied the LHSEADA and dismissed FTCA claims involving a United

1

IS ORDERED that the defendant's motion to dismiss pursuant to Rule 12(b)(1) is GRANTED as unopposed.  The plaintiff's lawsuit is hereby dismissed.

                          New Orleans, Louisiana, December 5, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Stats employee (Title 32 National Guardsmen) engaged in disaster or emergency relief efforts.  See, e.g., Ecker v. United States, 358 Fed.Appx. 551 (5th Cir. 2009); Lumpkin v. Lanfair, No. 09-6248, 2010 WL 3825427 (E.D. La. Sept. 23, 2010); Lemoine v. United States, No. 07-8478, 2009 WL 2496561 (E.D. La. Aug. 13, 2009).  The defendant insists that Pierre was acting as a representative of Louisiana; was engaged in emergency preparedness activities as a response to Hurricane Gustav; and was acting in compliance with the LHSEADA. Accordingly, the defendant contends that because Pierre cannot be held liable under Louisiana law, the United States, as a private individual in like circumstances, would not be liable under Louisiana law.  The Court agrees.  Because the United States would not be liable under Louisiana law, the United States did not waive its sovereign immunity and this Court lacks subject matter jurisdiction.